## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2019, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Kunz
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ira Lee Brown III,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 2, 2019

Court of Appeals Case No.
19A-CR-1232

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

Trial Court Cause No.
49G02-1801-F3-3806

**Najam, Judge.**

# Statement of the Case

Ira Lee Brown III appeals his sentence following his convictions for unlawful possession of a firearm by a serious violent felon, as a Level 4 felony, and attempted battery, as a level 5 felony. Brown raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On January 28, 2018, Brown and an associate, Marvin Allen, went to Geoffrey Lacava's home to sell him synthetic marijuana. After Brown had sold Lacava the drugs, Brown and Allen left. Approximately ten to fifteen minutes later, the two individuals returned to Lacava's house. Sometime thereafter, Brown and Allen left again, and Lacava followed them to the door.[1] When Brown and Allen left Lacava's house for the second time, Brown was holding a firearm, and he fired several shots in Lacava's direction. Brown did not hit Lacava, but he hit the front door to Lacava's house and a window.

Among other offenses, the State charged Brown with one count of attempted battery, as a Level 5 felony (Count 3); one count of carrying a handgun without

---

[1] It is not clear from the record what occurred while Brown and Allen were inside of Lacava's residence for the second time.

a license, as a Level 5 felony (Count 4); and one count of unlawful possession of a firearm by a serious violent felon, as a Level 4 felony (Count 5).[2] The trial court held a bifurcated jury trial. At the conclusion of the first phase of the trial, the jury found Brown guilty of Counts 3 and 4. Prior to the start of the second phase of the trial, Brown pleaded guilty to Count 5. Due to double jeopardy concerns, the trial court only entered judgment of conviction against Brown for Count 3 and Count 5.

[5] Thereafter, the trial court held a sentencing hearing. At the hearing, the court identified as mitigating factors the fact that Brown had pleaded guilty to Count 5 and Brown's history of mental health issues. The court then identified aggravating factors. Specifically, the court identified Brown's juvenile criminal history, which includes six juvenile adjudications, and Brown's adult criminal history, which includes one felony conviction and three misdemeanor convictions.[3] The court also identified as aggravators the nature and circumstances of the offense, namely that Brown had fired shots in the direction of an unarmed individual, and Brown's IRAS score, which indicated that Brown is in the very high risk category to reoffend. The trial court then found that the aggravators outweighed the mitigators. Accordingly, the court

---

[2] The State additionally charged Brown with one count of armed robbery, as a Level 3 felony, and one count of kidnapping, as a Level 3 felony, based on Lacava's allegations of events that had occurred while Brown and Allen were in his home. However, the jury found Brown not guilty of those offenses.

[3] The court noted that it was not able to use Brown's prior felony conviction as an aggravator to enhance his sentence for Count 5 but that it could consider that conviction to enhance his sentence for Count 3.

sentenced Brown to consecutive sentences of six years executed in the Department of Correction on Count 3 and to eight years, with six years in the Marion County Community Corrections program and two years suspended to probation on Count 5, for an aggregate sentence of fourteen years, with twelve years executed and two years suspended to probation. This appeal ensued.

## Discussion and Decision

[6] Brown contends that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Further, it is well settled that "our review of the sentence should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of sentences on any individual count." *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012).

The sentencing range for a Level 4 felony is two years to twelve years, with an advisory sentence of six years. *See* Ind. Code § 35-50-2-5.5 (2019). And the sentencing range for a Level 5 felony is one year to five years, with an advisory sentence of three years. *See* I.C. § 35-50-2-6(b). Here, the trial court identified as aggravating factors Brown's criminal history, the nature and circumstances of the offenses, and his IRAS score. And the court identified as mitigating

factors the fact that Brown had pleaded guilty to Count 5 and his history of mental health issues. The court found that the aggravators outweighed the mitigators and sentenced Brown to eight years, with six years in the Marion County Community Corrections program and two years suspended to probation for the Level 4 felony offense, which the court ordered to run consecutive to Brown's sentence of six years executed in the Department of Correction for the Level 5 felony offense, for an aggregate sentence of twelve years executed and two years suspended to probation.

[9]     On appeal, Brown contends that it was inappropriate for the trial court to order his sentences to run consecutively instead of concurrently. Brown maintains that his aggregate sentence is inappropriate in light of the nature of the offenses because the offenses were not "planned or premeditated," because the offenses were "far from the most egregious crime of the same type," and because "Lacava did not testify to any lasting mental distress as a result." Appellant's Br. at 12, 13. And Brown contends that his sentence is inappropriate in light of his character because "the entirety of his juvenile history occurred at least ten years prior to this offense," he "was struggling with numerous behavioral disorders," he voluntarily pleaded guilty to Count 5, and he was gainfully employed for three months. *Id.* at 14.

[10]    However, Brown has not met his burden on appeal to demonstrate that his sentence is inappropriate. With respect to the nature of the offenses, Brown illegally possessed a firearm despite the fact that he knew he was not allowed to possess it. Further, as the trial court found, Brown used that gun to "fire[] shots

directly at [Brown], and directly at the house[.]" Tr. Vol. III at 13. Further, Brown "did not have any type of weapon in his hand." *Id*. at 12. In essence, Brown illegally possessed a firearm and used that firearm to fire shots in the direction of an unarmed man. And Brown committed those offenses shortly after he had sold illegal drugs. Accordingly, Brown has not presented compelling evidence portraying the nature of the offenses in a positive light. *See Stephenson*, 29 N.E.3d at 122.

[11] As to his character, Brown has a lengthy criminal history that includes six juvenile adjudications, one felony conviction, and three misdemeanor convictions. Further, Brown has had his probation revoked in the past. And, while in jail, Brown has violated jail rules on numerous occasions. Moreover, Brown indicated that he did not "feel anything" about having fired a weapon in Lacava's direction, who Brown knew to be unarmed, which reflects poorly on his character. Appellant's App. Vol. II at 168. We cannot say that Brown's sentence is inappropriate in light of his character.

[12] We therefore affirm his aggregate sentence of six years executed in the Department of Correction followed by six years in the Marion County Community Corrections program and two years suspended to probation.

[13] Affirmed.

Vaidik, C.J., and Tavitas, J., concur.